UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John Doe,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>St. Olaf College,<br><br>　　　　　Defendant.<br>_____ | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ALLOW PLAINTIFF TO PROCEED USING A PSEUDONYM**<br><br>Case No.: 18-cv-02689 |

## INTRODUCTION

Plaintiff brings the above-captioned action seeking relief from the unlawful actions taken and procedures employed by Defendant, St. Olaf College (hereinafter "St. Olaf") and its agents that resulted in the wrongful suspension of Plaintiff, based upon unfounded allegations of sexual assault of a female student. To protect his fundamental, constitutional privacy right and liberty interest, and to prevent further embarrassment and harm to his name and reputation, Plaintiff respectfully requests to proceed with this litigation under pseudonym John Doe.

## FACTS[1]

Plaintiff was accused of misconduct, in violation St. Olaf's Policy and Procedures as the result of alleged conduct occurring on November 11 – November 12, 2017. As a result, Plaintiff was removed from the school.

---

[1] Plaintiff has set forth a detailed factual background in his Verified Complaint.

1

## ARGUMENT

Pleadings are generally required to "include the names of all the parties." Fed. R. Civ. P. 10(a).  However, many federal courts have permitted parties to proceed anonymously when special circumstances arise. Generally, courts allow the use of pseudonyms "[w]here it is necessary…to protect a person from harassment, injury, ridicule or personal embarrassment…." *U.S. v. Doe,* 665 F.2d 920, 922 (9th Cir. 1977) (*citing U.S. v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977)).  "The decision whether or not to allow the use of pseudonyms based on a need for anonymity in a particular lawsuit is left to the discretion of the trial court." *Heather K. by Anita K. v. City of Mallard, Iowa*, 887 F. Supp. 1249, 1255 (N.D. Iowa 1995) (allowing use of a pseudonym to protect plaintiff's privacy where plaintiff challenged open burning ordinance due hazardous affect on her health).  Neither the Supreme Court nor the Eighth Circuit have provided guidance on when a pseudonym may be used.  *Roe v. St. Louis University et al.*, No. 4:08-cv-1474, 2009 WL 910738, at *3 (E.D. Mo. April 2, 2009). However, both courts have long-allowed plaintiffs to proceed under pseudonyms.  *See Heather K.*, 1255 (citing *Roe v. Wade*, 410 U.S. 113 (1973); *Doe v. Poelker*, 497 F.2d 1063 (8th Cir. 1974)).

Generally, Courts "must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Does I Thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068 (9th Cir. 2000). This balancing test generally allows plaintiffs to use pseudonyms when: (1) "identification creates a risk of retaliatory physical or mental harm:" (2) "anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature:" and (3)

"the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.*

In the present case, the balancing test falls in favor of allowing Plaintiff to proceed under an assumed name. This is a case where Plaintiff was wrongfully accused by St. Olaf and removed from school. Plaintiff is taking this action to clear his name after a biased and unfair investigation. In doing so, he is addressing matters that are highly personal in nature and which will subject him, and others, to embarrassment if he is required to proceed under his true name. Requiring Plaintiff to proceed under his true name in this matter will only cause the embarrassment and harm to Plaintiff's name and reputation that has already occurred to be increased exponentially as he fights to clear his name. The allegations against Plaintiff are highly personal and the sort of allegations that have a high likelihood of causing him irreparable harm for the rest of his life.

## CONCLUSION

Because the totality of the circumstances heavily weighs in Plaintiff's favor, the Court should grant his motion to proceed under the pseudonyms John Doe and enter the proposed Protective Order filed herewith.

Dated: September 17, 2018					**MCGRAW LAW FIRM, P.A.**

**/s/Beau D. McGraw**
_____
Beau D. McGraw, I.D. No.: 31190X
Attorney for Plaintiff
10390 39th Street North, Suite 3
Lake Elmo, MN 55042
Telephone: (651) 209-3200
beau@mcgrawlawfirm.com