# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

John Doe,

               Plaintiff,

v.

St. Olaf College,

               Defendant.

---

**Case No.:**  18-cv-02689 (MJD/SER)

**BRIEF IN SUPPORT OF CONTIUING REQUEST TO ALLOW PLAINTIFF TO PROCEED USING A PSEUDONYM**

---

## INTRODUCTION

Pursuant to this Court's Order, issued at Scheduling Conference held on December 13, 2018, Plaintiff submits this memorandum regarding the continued propriety of proceeding under a pseudonym in light of the Rice County District Court's Order granting in part and denying in part Plaintiff's motion to dismiss the criminal charges against him for lack of probable cause.

## FACTUAL BACKGROUND

By a Complaint filed on January 4, 2018, Plaintiff was charged with four (4) counts: Count 1 – 3rd Degree Criminal Sexual Conduct – Force or Coercion (Minn. Stat. § 609.344.1(c)); Count 2 – 3rd Degree Criminal Sexual Conduct – Victim Mentally Impaired / Helpless (Minn. Stat. § 609.344.1(d); Count 3 – 4th Degree Criminal Sexual Conduct – Force or Coercion (Minn. Stat. § 609.345(1)(c)); and Count 4 – 4th Degree Criminal Sexual Conduct - Victim Mentally Impaired / Helpless (Minn. Stat. § 609.345.1(d)).

On June 27, 2018, Plaintiff filed a motion to dismiss for lack of probable cause in the state court criminal proceeding.  Written submissions on this were filed with the state district court in the fall of 2018, with the state district court taking the matter under advisement on December 20, 2018.  By an Order served on Plaintiff on January 23, 2019, the state district granted in part and denied in part Plaintiff's motion, dismissing Counts 1 and 3 and denying the motion to dismiss Counts 2 and 4.  The state criminal proceeding is scheduled for a plea hearing on February 27, 2019, with a trial date expected to be issued at that hearing.

Plaintiff submits the instant Memorandum in support of his request that he be allowed to continue proceeding under a pseudonym.

## ARGUMENT

Pleadings are generally required to "include the names of all the parties." Fed. R. Civ. P. 10(a).  However, many federal courts have permitted parties to proceed anonymously when special circumstances arise. Generally, courts allow the use of pseudonyms "[w]here it is necessary…to protect a person from harassment, injury, ridicule or personal embarrassment…." *U.S. v. Doe,* 665 F.2d 920, 922 (9th Cir. 1977) (*citing U.S. v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977)).  "The decision whether or not to allow the use of pseudonyms based on a need for anonymity in a particular lawsuit is left to the discretion of the trial court." *Heather K. by Anita K. v. City of Mallard, Iowa*, 887 F. Supp. 1249, 1255 (N.D. Iowa 1995) (allowing use of a pseudonym to protect plaintiff's privacy where plaintiff challenged open burning ordinance due hazardous affect on her health).  Neither the Supreme Court nor the Eighth Circuit have provided

guidance on when a pseudonym may be used.  *Roe v. St. Louis University et al.*, No.
4:08-cv-1474, 2009 WL 910738, at *3 (E.D. Mo. April 2, 2009). However, both courts
have long-allowed plaintiffs to proceed under pseudonyms.  *See Heather K.*, 1255 (citing
*Roe v. Wade*, 410 U.S. 113 (1973); *Doe v. Poelker*, 497 F.2d 1063 (8th Cir. 1974)).

Generally, Courts "must balance the need for anonymity against the general
presumption that parties' identities are public information and the risk of unfairness to the
opposing party." *Does I Thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068 (9th
Cir. 2000). This balancing test generally allows plaintiffs to use pseudonyms when: (1)
"identification creates a risk of retaliatory physical or mental harm:" (2) "anonymity is
necessary to preserve privacy in a matter of sensitive and highly personal nature:" and (3)
"the anonymous party is compelled to admit [his or her] intention to engage in illegal
conduct, thereby risking criminal prosecution." *Id.*

Plaintiff contends that the balancing test at issue continues to fall in favor of
allowing him to proceed under an assumed name. While two criminal charges remain
against Plaintiff, Plaintiff anticipates that the remaining two (2) charges will be dropped
in the near future because the claims against Plaintiff, while having enough factual
support to survive the low standard of probable cause, lack the factual support to prove
Plaintiff's guilt beyond a reasonable doubt.  And, as in all criminal proceedings, Plaintiff
even with charges currently remaining, is presumed innocent and remains so until proven
guilty.

If, as Plaintiff anticipates, the remaining charges against him are dismissed or he is
found not guilty, he will have the right under state law, and will assert that right, to have

the record of the charges against him expunged and removed from the public record.  See

Minn. Stat. § 609A.02. Subd. 3(1)[1].  Under Minnesota law, dismissal of the charges prior

to trial would be an outcome resolved in Plaintiff's favor, as would being found not

guilty.  *See State v. A.S.R.*, 906 N.W.2d 526 (Minn.App. 2017) ("Because the prosecutor

dismissed the charge against A.S.R. without any admission or finding of guilt, the district

court properly determined that A.S.R.'s cases was resolved in his favor.")  Where the

criminal proceedings are resolved in the defendant's favor, there is a presumption in

favor of granting expungement.  Minn. Stat. § 609A.03, Subd. 5(b).

If, as Plaintiff believes, the remaining charges will be resolved without a finding

or admission of guilt, forcing Plaintiff to proceed under this true name in this proceeding

simply because those criminal charges remain for the time being will render his right to

have those criminal records expunged essentially meaningless due to the notoriety of

having his name disclosed as part of this proceeding.

---

[1] "(a) A petition may be filed under section 609A.03 to seal all records relating to an arrest, indictment or information, trial, or verdict if the records are not subject to section 299C.11, subdivision 1, paragraph (b), and if:
(1) all pending actions or proceedings were resolved in favor of the petitioner. For purposes of this chapter, a verdict of not guilty by reason of mental illness is not a resolution in favor of the petitioner. For the purposes of this chapter, an action or proceeding is resolved in favor of the petitioner, if the petitioner received an order under section 590.11 determining that the petitioner is eligible for compensation based on exoneration…"

## CONCLUSION

Because the totality of the circumstances continue to weigh heavily in Plaintiff's favor, the Court should allow him to continue to proceed under the pseudonyms John Doe.

Dated: <u>January 30, 2019</u>                          **MCGRAW LAW FIRM, P.A.**

                                                         **/s/Beau D. McGraw**
                                                         _____
                                                         Beau D. McGraw, I.D. No.: 31190X
                                                         Attorney for Plaintiff
                                                         10390 39th Street North, Suite 3
                                                         Lake Elmo, MN 55042
                                                         Telephone:  (651) 209-3200
                                                         beau@mcgrawlawfirm.com